IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONY LYLES<br><br>Plaintiff,<br><br>v.<br><br>SGT. GAMBINO, ET. AL.<br><br>Defendants. | No. 14 C 1406<br><br>Magistrate Judge Jeffrey T. Gilbert |

## MEMORANDUM OPINION AND ORDER

This case is set for trial and is now before the Court on the parties' pretrial motions *in limine* [ECF Nos. 208, 209]. For the reasons discussed below, the Court denies Defendants' Motion *in Limine* No. 1; grants in part and denies in part Defendants' Motion *in Limine* No. 2 and Plaintiff's related Motion *in Limine* No. 1; grants in part and denies in part Defendants' Motion *in Limine* No. 4; and denies Defendants' Motion *in Limine* No. 5. In addition, the Court grants Defendants' Motion for Leave to Withdraw Motion *in Limine* No. 3 [ECF No. 216] and denies Defendants' Motion *in Limine* No. 3 as moot.

## BACKGROUND

Plaintiff Tony Lyles is a former pre-trial detainee in Cook County, Illinois. He was held at the Cook County Jail from approximately February of 2013 until September of 2015. At three separate court appearances – on July 24, 2013, November 18, 2013, and December 19, 2013 – Plaintiff alleges Cook County correctional officers violated his constitutional rights. On July 24, 2013, Plaintiff alleges that he sustained injuries to his left shoulder, back, wrist, and neck when he was attending a court appearance in his criminal case and that Sergeant Joe Gambino and Officer

Fitzpatrick Allen refused his requests for medical attention; specifically, that he be taken to Cermak Health Services. On November 18, 2013, Plaintiff attended another court appearance where he alleges that Officer Seropian pushed him while leading him out of the courtroom and yanked on his handcuffs, reinjuring his shoulder, back, neck, and wrist. Plaintiff further alleges that Sergeant Gambino refused to take him to a doctor, despite his complaints of pain. Finally, at a court appearance on December 19, 2013, Plaintiff alleges Officer Seropian handcuffed Plaintiff too tightly behind his back, causing pain to his wrists and shoulders. Plaintiff further claims Officer Edward Hopkins[1] grabbed Plaintiff from behind and dragged him from the courtroom, causing pain and injury on that same date. According to Plaintiff, both officers failed to intervene to prevent injury by the other.

This case is set for a pretrial conference on November 1, 2019. The jury trial is set to begin on November 12, 2019.

**ANALYSIS**

Although not specifically contemplated by the Federal Rules of Evidence, inherent in the Court's power in managing trials is the ability to rule on motions *in limine*. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *see also United States v. Caputo*, 313 F.Supp.2d 764, 767-68 (N.D. Ill. 2004). The court has broad discretion to rule on evidentiary questions raised in motions *in limine*, *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002), and may use this discretion to eliminate evidence "that clearly ought not be presented to the jury because [it] clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Family Svcs.*, 115 F.3d 436, 440 (7th Cir. 1997); *Caputo,* 313 F. Supp. 2d at 768. The party seeking to exclude evidence

---

[1] Officer Hopkins is no longer a party to this case. [ECF No. 197]. However, all parties apparently agree that Officer Hopkins' alleged conduct on December 19, 2013, is relevant to the claims against Officer Seropian on the same date. Testimony therefore is likely to be elicited concerning Officer Hopkins' alleged conduct at trial. *See* Proposed Pretrial Order [ECF No. 211].

2

bears the burden of establishing the evidence is "not admissible for any purpose." *Mason v. City of Chicago,* 631 F. Supp. 2d 1052, 1056 (N.D. Ill. 2009). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.,* 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). For this reason, rulings in limine may also be subject to alteration or reconsideration during the course of trial. *United States v. Connelly,* 874 F.2d 412, 416 (7th Cir. 1989); *Hawthorne Partners,* 831 F.Supp. at 1401 ("Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine.*").

### I. Defendants' Motion *in Limine* No. 1 to Bar Reference to any Alleged Failure to Comply with Jail Procedures or General Orders

Defendants' first motion *in limine* asks the Court to bar any reference to the Cook County Jail's policies and procedures and the Cook County Sheriff's Department's General Orders. In response, Plaintiff asserts that he does not have copies of the general orders or jail procedures, but if he did, they may be "relevant or probative to [his] claim that the defendants violated his constitutional rights." Plaintiff's Responses to Defendants' Motions *in Limine* [ECF No. 213] at p. 2. Plaintiff therefore says the Court should deny Defendants' motion as premature. Although it ordinarily would be dispositive of the issue that Plaintiff concedes he does not possess – and thus presumably cannot introduce into evidence – the policies, procedures, or general orders that are the subject of this Motion, both parties nevertheless substantively address the possible admissibility of such evidence at trial. However, the Court is reluctant to issue an advisory opinion

3

on whether nonspecific policies, procedures, and orders would be admissible in this case for a yet undisclosed purpose. Should the issue be raised more concretely at trial, the parties must do so outside the presence of the jury and be prepared to address the following governing legal principles.

The admissibility of law enforcement policies or procedures, such as those propounded by the Cook County Jail and Cook County Sheriff's Department, is a question of relevance within the meaning of the Federal Rules of Evidence. FED.R.EVID. 401, 402, 403. Evidence that has "any tendency to make the existence of any fact that is of consequence…more probable or less probable than it would be without the evidence," is relevant and generally admissible, absent a reason for its exclusion. FED.R.EVID. 401, 402. "To be relevant, evidence need not conclusively decide the ultimate issue in a case, nor make the proposition appear more probable, but it must in some degree advance the inquiry." *E.E.O.C. v. Indiana Bell Telephone Co.*, 256 F.3d 516, 533 (7th Cir. 2001) (internal quotations and citations omitted).

It appears to be beyond debate in this Circuit that the "violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established" in § 1983 claims.[2] *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006); *see also Williams v. Shah*, 927 F.3d 476, 479 n.1 (7th Cir. 2019); *Florek v. Village of Mundelein*, 649 F.3d 594, 602-03 (7th Cir. 2011); *England v. Allen*, 2019 WL 2743481,

---

[2] Since *Thompson*, the Seventh Circuit has cautioned that the door is not completely closed on the relevance of violations of police procedures to § 1983 litigation. However, "to the extent that the door [to admitting evidence of police policy and procedures] remains open under *Thompson*, it is only slightly ajar." *Ratliff v. City of Chicago*, 2012 WL 5845551, at *2 (N.D. Ill. 2012). Law enforcement policies, procedures, or general orders may be relevant, for example, in a case involving expert testimony "where specialized knowledge of law-enforcement custom or training would assist the jury in understanding the facts or resolving the contested issue" consistent with Rule 702. *United States v. Brown*, 871 F.3d 532, 537 (7th Cir. 2017). In this case, however, there has been no expert testimony proposed, nor any showing that specialized knowledge would assist the jury in any way.

at *5 (N.D. Ill. 2019); *Jones v. City of Chicago,* 2017 WL 413613, at *3-4 (N.D. Ill. 2017); *Patterson v. City of Chicago*, 2017 WL 770991, at *7 (N.D. Ill. 2017). This is because § 1983 "protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices." *Thompson*, 472 F.3d at 454 (citing *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003); *Pasiewicz v. Lake County Forest Preserve Dist.,* 270 F.3d 520, 526 (7th Cir. 2001); *Soller v. Moore*, 84 F.3d 964, 969 (7th Cir. 1996)). Although it cannot be said that "evidence of police policy or procedure will *never* be relevant to the objective-reasonableness inquiry," where § 1983 claims involve "facts that people of common understanding can easily comprehend," the "everyday experience of lay jurors fully equips them to answer the reasonableness question" without aid from law enforcement policies or procedures. *Brown,* 871 F.3d at 538 (quoting *United States v. Lundy*, 809 F.2d 392, 395 (7th Cir. 1987)); *see also Fields v. City of Chicago*, 2018 WL 1652093, at *7 (N.D. Ill. 2018). Therefore, absent a showing that evidence of police policies or procedures will advance the jury's inquiry into whether, for example, Defendants used excessive force or acted with deliberate indifference to Plaintiff's medical needs in this case, presenting "evidence that a police officer violated a police department rule is highly prejudicial and distracting in a § 1983 case." *Patterson*, 2017 WL 770991, at *7 (citing *Jones,* 2017 WL 413613, at *3-4).

As stated above, without any context, the Court is unable to determine whether any policies, procedures, or general orders that may be at issue should be excluded. Defendants' Motion *in Limine* No. 1 is therefore denied without prejudice. Should circumstances change, the Court will revisit this ruling as necessary based on the legal principles discussed above. *Connelly*, 874 F.2d at 416; *Hawthorne Partners*, 831 F.Supp. 1398.

**II. Defendants' Motion *in Limine* No. 2 to Admit Evidence of Plaintiff's 2015 Felony Convictions, Including the Nature of his Crimes, and Plaintiff's Motion *in Limine* No. 1 to Bar Reference to the Same**

Defendants move to admit the following three of Plaintiff's felony convictions into evidence: (1) possession with the intent to manufacture or deliver between 1 and 15 grams of heroin (July 24, 2015, 13CR0612201); (2) possession with the intent to manufacture or deliver a controlled substance (July 24, 2015, 13CR0612401); and (3) possession with the intent to manufacture or deliver a controlled substance (September 8, 2015, 13CR0612101). Defendants' Motions *in Limine* [ECF No. 209] at p. 3. Plaintiff moves to limit evidence of the above criminal convictions to a single conviction of a non-violent offense, or in the alternative, "one single drug offense…limited to a short and concise description of the offense as felony manufacture/delivery of heroin." Plaintiff's Motion *in Limine* [ECF No. 208] at ¶ 4.

Federal Rule of Evidence 609 provides that "for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence…must be admitted, subject to Rule 403, in a civil case…in which the witness is not a defendant." FED. R. EVID. 609(a)(1)(A). The familiar Rule 403 balancing test further guides the Court that it "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

In determining the admissibility of evidence under Rule 609(a)(1)(A), the Court's exercise of its discretion is guided by five factors articulated in *United States v. Mahone,* 537 F.2d 922 (7th Cir. 1976). The Court should consider: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality

of the credibility issue." *United States v. Montgomery*, 390 F.3d 1013, 1015 (7th Cir. 2004). Not every *Mahone* factor will apply in civil cases, but "the same general concerns may illuminate the court's analysis." *Buchanan v. McCann*, 2012 WL 1987917, at *1 (N.D. Ill. 2012) (citing *Anderson v. City of Chicago*, 2010 WL 4928875, at *2-3 (N.D. Ill. 2010)).

Having considered each of the *Mahone* factors and weighed the probative value and prejudicial effect of the convictions at issue, the Court finds the fact, but not the nature, of Plaintiff's three prior convictions, is admissible under Rule 609(a)(1)(A). Taking each factor in turn, there is some impeachment value to the fact that Plaintiff has been convicted of three felonies. As the Seventh Circuit has explained, "[t]he rationale for…allowing a prior crime to be used to undermine testimony is that a person who has committed a serious crime is more likely than a law-abiding person to lie on the stand even if the case in which he is testifying has nothing to do with that crime." *Schmude v. Tricam Indus.*, Inc., 556 F.3d 624, 627 (7th Cir. 2009). Furthermore, the fact that Plaintiff was convicted of three felonies, not one, adds to the impeachment value of Plaintiff's criminal history. *Hill v. City of Chicago,* 2011 WL 2637214, at *2 (N.D. Ill. 2011) ("evidence of multiple convictions may communicate something different to the jury than would evidence of only one"). Though Plaintiff's prior convictions do not have the impeachment value of a crime involving dishonesty, the first factor does weigh slightly in favor of admitting Plaintiff's three felony convictions here.

The second factor, the recency of Plaintiff's felony convictions, also weighs in favor of allowing Defendants to impeach Plaintiff with his prior criminal history. All three of Plaintiff's convictions occurred not just within the last ten years – the floor for admissibility under Rule 609 – but within the last five. Plaintiff was also convicted of all three crimes after this lawsuit was filed

7

and is still serving his fifteen-year concurrent sentence in the Illinois Department of Corrections for those convictions. The ten-year clock under Rule 609, therefore, has not even begun to toll.

Although the third factor does not apply to civil cases, both the fourth and fifth factors weigh heavily in favor of admission. Plaintiff is a crucial witness in this case, as Plaintiff's own testimony likely will be needed to support most, if not all, of his claims against the named Defendants. The jury will need to determine whether Plaintiff's account of the July 24, 2013, November 18, 2013, and December 19, 2013 incidents is more or less believable than that of the Defendant officers, making Plaintiff's testimony and credibility of central importance. *See, e.g., United States v. Nururdin*, 8 F.3d 1187, 1192 (7th Cir. 1993) (emphasizing that under the fourth and fifth *Mahone* factors, "the defendant's testimony and the credibility issue [were] both critical to the outcome of this case because defendant and the officers offered conflicting accounts of the events leading to defendant's arrest.").

Based on the above analysis, there is probative value to the fact that Plaintiff has been convicted of three felonies in the last five years, especially given the central nature of Plaintiff's testimony and credibility at trial. This probative value does not extend, however, to the drug-related nature of Plaintiff's convictions, as Defendants have not shown that the types of crimes of which Plaintiff was convicted have any more bearing on Plaintiff's credibility than the mere fact that Plaintiff is a convicted felon. Nor is the relevance of the nature of Plaintiff's crimes apparent to the Court based on the current record. In weighing the probative value against the prejudicial effect of this information, therefore, the Court is persuaded by the Seventh Circuit's recent admonishments that "the compromise of admitting a sanitized version of the crimes to lessen [the] prejudice – referring only to [an individual's] incarceration for felonies – is permissible and often preferred." *Miller v. Gonzales*, 746 F. App'x 537, 540 (7th Cir. 2018) (citing *Old Chief v. United*

*States*, 519 U.S. 172, 174 (1997); *Schmude*, 556 F.3d at 627). In the specific context of drug-related felonies, the Seventh Circuit has similarly warned that "evidence that a witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony." *United States v. Galati,* 230 F.3d 254, 262 (7th Cir. 2000) (quoting *United States v. Neely*, 980 F.2d 1074, 1081 (7th Cir. 1992)). Given that "presenting a § 1983 plaintiff's criminal history to the jury presents a substantial risk that the jury will render a defense verdict based not on the evidence but on emotions or other improper motives, such as a belief that bad people should not be permitted to recover from honorable police officers," *Barber v. City of Chicago*, 725 F.3d 702, 714 (7th Cir. 2013), the Court believes admitting the fact of Plaintiff's three felony convictions, without reference to the specific crimes, strikes an appropriate balance in this case under Rule 609 and Rule 403. *See also Gora v. Costa,* 971 F.2d 1325, 1331 (7th Cir. 1992) (courts must be "careful to ensure that a civil rights plaintiff's criminal past is not used to unfairly prejudice him"). Any potential danger of unfair prejudice, confusing the issues, or misleading the jury in this case will be further mitigated by the Court providing the appropriate limiting instruction to the jury explaining the proper use of prior convictions in impeaching a witness at trial. *See, e.g.,* Seventh Circuit Pattern Civil Jury Instructions 1.15.

In support of their argument that the jury must be aware of the types of crimes of which Plaintiff was convicted in order to judge Plaintiff's credibility adequately, Defendants rely on *Wilson v. City of Chicago*, 6 F.3d 1233, 1237 (7th Cir. 1993) and *Campbell v. Greer,* 831 F.2d 700 (7th Cir. 1987). Yet *Wilson* specifically cautioned district courts against allowing a Defendant to elicit the details underlying Plaintiff's conviction unless the details bear "directly on his credibility," a specific showing Defendants have not, as best the Court can determine, even

9

attempted, let alone succeeded at making. *Wilson,* 6 F.3d at 1237 (citing *Gora,* 971 F.2d at 1330; *Geitz v. Lindsey,* 893 F.2d 148, 151 (7th Cir. 1990); *Campbell,* 831 F.2d at 707).

Similarly, Defendants rely on *Campbell* without mention of the fact that Rule 609 was amended after *Campbell* to expressly incorporate the balancing of probative value against prejudice under Rule 403. *Campbell,* therefore, reflects an incomplete view of the current standards admissibility of evidence under Rule 609. It is no longer the case that "[t]he crime must be named" without due consideration of the probative value and prejudicial effect of the convictions at issue – the very position Defendants advance. Defendants' Motions *in Limine* [ECF No. 209] at p. 4 (citing *Campbell,* 831 F.2d at 707). Rather, the Court should be – and has been in this case – guided by the *Mahone* factors and the familiar Rule 403 balancing test to determine whether, and to what extent, Plaintiff's criminal history is admissible as impeachment evidence under Rule 609.[3]

On balance, Defendants' impeachment of Plaintiff at trial under Rule 609 will be limited to the "sanitized" fact of Plaintiff's three felony convictions. *Miller,* 746 F. App'x at 540. Absent a change in circumstance, *Connelly,* 874 F.2d at 416; *Hawthorne Partners,* 831 F.Supp. 1398, Defendants will not be permitted to elicit any details or descriptions of those crimes. Defendants'

---

[3] Other than brief citations to *Campbell* and *Wilson,* Defendants present no factual or legal support for their argument that the type of crimes for which Plaintiff was convicted is particularly relevant to this § 1983 case. However, the Court independently is aware that "there is authority indicating that convictions for drug smuggling and drug dealing are probative of credibility." *United States v. Smith,* 181 F. Supp. 2d 904, 909 (N.D. Ill. 2002) (citing *United States v. Hayes,* 553 F.2d 824, 828 (2d Cir. 1977); *United States v. Ortiz,* 553 F.2d 782, 784 (2d Cir. 1977); *United States v. Alexander,* 48 F.3d 1477, 1488 (9th Cir. 1995) (conviction for drug possession "for sale"); *United States v. Cordoba,* 104 F.3d 225, 229 (9th Cir. 1997) (possession with intent to distribute)). The Court acknowledges the above authority, but applying Rule 403, finds the Seventh Circuit's more recent admonishments regarding the substantial risk of prejudice in presenting a § 1983 plaintiff's criminal history to the jury outweigh the probative value of the drug-related nature of Plaintiff's convictions in this case. That is particularly true here given Defendants' failure to present any legal argument or authority on the issue.

Motion *in Limine* No. 2, and Plaintiff's corollary Motion *in Limine* No. 1, therefore are granted in part and denied in part.

### III. Defendants' Motion *in Limine* No. 3 to Limit Reference to Previously Dismissed Excessive Force Claim Involving Seropian

The parties met, conferred, and reached an agreement regarding Defendants' Motion *in Limine* No. 3. [ECF No. 216]. Based on that agreement, Defendants moved to withdraw Motion *in Limine* No. 3 [ECF No. 216], a Motion the Court hereby grants. Defendants' Motion *in Limine* No. 3 therefore is withdrawn and, to the extent a ruling is required, denied as moot.

### IV. Defendants' Motion *in Limine* No. 4 to Bar Evidence of or Reference to the Office of Professional Review's ("OPR") Investigation of Defendants, Including the Testimony of Carl Singletary, Jr.

Defendants further move to bar any evidence of, or reference to, OPR investigations involving Defendants. Both parties agree that statements related to Plaintiff's claims made by Defendants to OPR investigators – namely Investigator Carl Singletary, Jr. – may be used for impeachment purposes. Defendants' Replies in Support of Their Motions *in Limine* [ECF No. 215] at p. 3; Plaintiff's Responses to Defendants' Motions *in Limine* [ECF No. 213] at p. 3. The parties further agree that the substantive findings of the OPR investigation shall not be admitted. Defendants' Replies in Support of Their Motions *in Limine* [ECF No. 215] at p. 3; Plaintiff's Responses to Defendants' Motions *in Limine* [ECF No. 213] at p. 4. The Court is in accord on both points, as the potential prejudice from testimony regarding the substantive findings of the OPR investigation would substantially outweigh the limited probative value of such findings for the jury. *See, e.g., Delgado v. Mak,* 2008 WL 4367458, at *2 (N.D. Ill. 2008).

Beyond the potential impeachment value of statements made by Defendants to an OPR investigator, Plaintiff also raises a possibility, which Defendants do not address, that Defendants' prior statements may qualify as admissions by a party opponent under Federal Rule of Evidence

801(d)(2)(A). Without knowing the specific contents of the statements at issue and the party against whom they would be offered, however, the Court cannot determine whether the statements would be admissible. The Court therefore reserves its ruling on this point until trial. *Hawthorne Partners*, 831 F.Supp. at 1401 (denial of a motion *in limine* may mean "that without the context of trial, the court is unable to determine whether the evidence in question should be excluded.").

Plaintiff further argues that the mere fact that an OPR investigation occurred should be admissible, though it is not clear for what purpose. Plaintiff cites a lone case, *Thompson v. City of Chicago*, 2004 WL 5655801, at *1 (N.D. Ill. 2004), in support of that proposition, suggesting that "[c]ourts ruling on motions seeking to bar internal affairs investigations have not barred all evidence of the investigations." Plaintiff's Responses to Defendants' Motions *in Limine* [ECF No. 213] at p. 4. *Thompson*, in fact, says the opposite. In *Thompson*, the court noted that under Rule 403, the probative value of any evidence related to the internal affairs investigation was substantially outweighed by the danger of unfair prejudice. As a result, the court barred the testimony of internal affairs investigators, including their opinions regarding the internal police investigations, as well as the findings of the investigation. *Thompson*, 2004 WL 5655801, at *1. In keeping with other authority in this circuit, the plaintiff was permitted to use the evidence, "where appropriate, for impeachment purposes," but not for any other reason. *Id. Thompson* therefore does not convince the Court that there is any probative value to admitting the mere fact of an internal investigation against the Defendant officers in this case. Conversely, the prejudicial effect of such evidence, especially without any context, is high. Under Rule 403, therefore, Plaintiff is barred from eliciting at trial the mere fact that Defendants were investigated by OPR.

For the above reasons, Defendants' Motion *in Limine* No. 4 is granted in part and denied in part. Plaintiff will be permitted to use the testimony of OPR Investigator Singletary for the

limited purposes of impeachment and introducing an admission by a party-opponent, provided he can do so within the confines of the applicable Federal Rules of Evidence. Plaintiff is barred from eliciting testimony of the mere fact of an OPR investigation into Defendants' conduct on July 24, 2013, November 18, 2013, and December 19, 2013. By agreement, the parties shall not seek to admit the findings of any OPR investigation at trial.

V. **Defendants' Motion *in Limine* No. 5 to Bar Deposition Testimony of Darryl Evans**

Finally, Defendants move to bar the testimony of Darryl Evans in its entirety. Mr. Evans has been proffered as a witness for the Plaintiff and his deposition testimony was presented to the Court for review in the Joint Pretrial Order. Plaintiff highlighted in yellow the portions of Evans's deposition testimony he proposed to read into evidence at trial. Defendants, however, have not delineated any particularized objections to Mr. Evans' proposed deposition testimony. Instead, they argue it should be excluded in its entirety because it "largely consists of inadmissible hearsay that is not within any recognized exception, and is otherwise irrelevant." Defendants' Replies in Support of Their Motions *in Limine* [ECF No. 215] at p. 7.

The Court's Standing Order Concerning Preparation of a Final Pretrial Order establishes a procedure for addressing deposition testimony that a party proposes to use at trial and an opposing party's objections to that testimony. Defendants did not comply with that Order in that they failed to mark any particular objections to the testimony Plaintiff proposes to admit at trial. Had Defendants done so, Plaintiff would have had an opportunity to respond to Defendants' objections and, among other things, articulate any applicable exception to the rule against hearsay into which they would argue the testimony falls.[4]

---

[4] The Court's Standing Order Concerning Preparation of a Final Pretrial Order provides, in relevant part, as follows: "For each witness whose deposition will be used, the party that intends to call that witness shall submit the witness's deposition transcript with the testimony the party intends to read to the jury highlighted in yellow. The opposing party shall highlight its counter-depositions in pink. Any party that objects to the

13

Defendants' Motion *in Limine* No. 5. is denied without prejudice for these reasons. The Court will address this issue further at the pretrial conference. Defendants should come to the conference prepared to articulate their objections to Evans' proposed deposition testimony by page and line number stating the basis for the objection. Plaintiff should come to the pretrial conference prepared to address those objections. If possible, Defendants should provide to Plaintiff their objections and the basis for those objections even before the pretrial conference. The Court will address Defendants' objections and Plaintiff's responses to them at the pretrial conference.

## CONCLUSION

For all the reasons discussed above, the Court denies Defendants' Motion *in Limine* No. 1. Defendants' Motion *in Limine* No. 2 and Plaintiff's Motion *in Limine* No. 1 are granted in part and denied in part, as they address identical issues. The Court further grants Defendants' Motion for Leave to Withdraw Motion *in Limine* No. 3 [ECF No. 216] and denies Defendants' Motion *in Limine* No. 3 as moot. Finally, the Court grants in part and denies in part Defendants' Motion *in Limine* No. 4 and denies Defendants' Motion *in Limine* No. 5.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: October 31, 2019

---

other party's designations shall submit a list of its objections by page and line number and the basis for the objection. The opposing party shall submit its response to such objections. This can be done in separate documents or in a side-by-side presentation in a Word table or Excel spreadsheet. The basis for an objection and the response shall be stated as succinctly as possible with appropriate citations to evidentiary rules or case law. Objections not made in the pretrial order will be deemed waived absent a showing of good cause. If the Court will be called upon to rule upon objections, a copy of the deposition is to be provided with the pretrial order."

14